UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DORIAN D. WHITE,
   Petitioner,

v.            Case No. 8:20-cv-31-KKM-CPT

SECRETARY, DEPARTMENT
OF CORRECTIONS,
   Respondent.
_____

## ORDER

Dorian D. White, a Florida prisoner, filed a pro se amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in which he concedes his petition's untimeliness but asserts entitlement to equitable tolling or, alternatively, that he is actually innocent. (Doc. 3.) In the response, Respondent contends that the petition is untimely. (Doc. 6.) White's reply reiterates and elaborates on his arguments for equitable tolling and actual innocence. (Doc. 13.) In the sur-reply, Respondent maintains that the petition should be dismissed as time-barred. (Doc. 14.) White has not shown the applicability of either exception to the time limitation. Therefore, his petition must be dismissed as time-barred. Because reasonable jurists would not disagree, a certificate of appealability is not warranted.

## I. BACKGROUND

A state court jury convicted White of kidnapping and robbery. (Doc. 6-3, Ex. 12.) The state trial court sentenced White to life in prison for kidnapping and 15 years in prison

for robbery. (Doc. 6-3, Ex. 15.) The state appellate court per curiam affirmed the conviction and sentence. (Doc. 6-3, Ex. 20.)

White's first motion to correct an illegal sentence, filed under Florida Rule of Criminal Procedure 3.800(a), was dismissed. (Doc. 6-3, Exs. 21 & 22.) His second Rule 3.800(a) motion was denied. (Doc. 6-3, Exs. 23 & 24.) The state appellate court per curiam affirmed the denial. (Doc. 6-4, Ex. 33.) White's petition for writ of habeas corpus alleging ineffective assistance of appellate counsel, filed under Florida Rule of Appellate procedure 9.141(d), was denied. (Doc. 6-3, Exs. 28 & Ex. 29; Doc. 6-4, Ex. 31.) White's motion for postconviction relief, filed under Florida Rule of Criminal Procedure 3.850, was also denied. (Doc. 6-4, Exs. 30, 32 & 34; Doc. 6-5, Ex. 36.) The state appellate court per curiam affirmed the denial of relief. (Doc. 6-6, Ex. 42.)

## II.    DISCUSSION

### A. Untimeliness Under 28 U.S.C. § 2244(d)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under the AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed

2

application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

The state appellate court per curiam affirmed White's convictions and sentences on November 20, 2015. (Doc. 6-3, Ex. 20.) His judgment became final 90 days later, on February 18, 2016, upon expiration of the time to petition the Supreme Court of the United States for a writ of certiorari. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). White's AEDPA limitation period began to run the next day, February 19, 2016.

The limitation period ran uninterrupted until it expired one year later, on February 19, 2017. White filed no tolling applications before that date. His first motion for collateral relief, a motion to correct an illegal sentence under Rule 3.800(a), was filed on March 20, 2017. (Doc. 6-3, Ex. 21.) Neither this motion nor any subsequent collateral motion affected the AEDPA limitation period because that period cannot be revived. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000))).

White acknowledges that his petition is time-barred under § 2244(d). (Doc. 3, p. 23.) He contends that the Court can review the untimely petition based on equitable tolling or actual innocence.

## B. Equitable Tolling

White argues that he is entitled to equitable tolling. Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). The diligence required is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal quotation marks and citations omitted).

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner" and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin*,

633 F.3d at 1268. The applicability of equitable tolling is determined on a case-by-case basis. *See Holland*, 560 U.S. at 649-50.

White seeks equitable tolling for the period from February 16, 2017 until April 18, 2017. He contends that he was placed into "confinement" during this time, which appears to be a type of detention involving more restrictions than those imposed on the general prison population. (Doc. 3, p. 23.) He states that while in confinement, he lacked "the minimum materials (pen, paper, case number, transcripts) needed to file a 3.800(a) or 3.850 motion which would have tolled the time limitation." (*Id.*) On February 16, 2017, when he was placed into confinement, White had three days remaining on the AEDPA limitation period. If White obtains equitable tolling for this period, the AEDPA limitation period would not have expired on February 19, 2017.

A lack of access to legal materials and restrictions such as lockdowns and solitary confinement do not qualify as exceptional circumstances warranting equitable tolling. *See Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004) (stating that precedent "suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate" and rejecting the petitioner's claim that separation from his legal papers upon transfer to another prison was an extraordinary circumstance (citing *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000))); *Miller v. Florida*, 307 F. App'x 366, 367-68 (11th Cir. 2009) (affirming the

dismissal of a habeas petition as untimely and stating that "even restricted access to a law library, lock-downs, and solitary confinement," along with a lack of legal training and inability to obtain counsel generally do not qualify as circumstances warranting equitable tolling).

In addition, although White says he lacked materials needed to file a state collateral motion during the period of February 16, 2017, until April 8, 2017, White filed such a motion on March 20, 2017. That is the date he provided his first motion to correct an illegal sentence to prison officials for mailing. (Doc. 6-3, Ex. 21.) White does not establish extraordinary circumstances as he must to obtain equitable tolling.

Nor does White demonstrate that he acted with reasonable diligence. When he entered confinement and was allegedly deprived of materials, he had already allowed almost the entire AEDPA limitation period to pass untolled. White is responsible for knowing the AEDPA limitation period. *See Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) ("As with any litigant, pro se litigants 'are deemed to know of the one-year statute of limitations.'" (quoting *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007))). Therefore, it was White's responsibility to act in state court so as to leave himself enough time to ensure the timely filing of his § 2254 petition. *See Tinker*, 255 F.3d at 1335 n.4 ("We remind petitioners that . . . care must be taken to assure that sufficient time remains within the federal statutory period to file the federal petition. . . . [S]hould a

petitioner wait to file his state petition until only a week remains before the expiration of the one year federal limitation period, he or she will only have a week left to file a federal petition before the federal limitation period has expired.").

White appears to argue that he could not have sought postconviction relief sooner because he did not have discovery materials including a photopack, fingerprints, depositions, and a "change of custody sheet" that details the chain of custody of items in evidence. (Doc. 3, p. 23.) He states that his mother obtained the materials for him on November 18, 2017, after the AEDPA limitation period expired. (*Id.*) White asserts that he needed these documents to "discover the factual predicate" of grounds for relief. (*Id.*)[1]

White does not show that he needed discovery materials or transcripts to pursue postconviction relief or to file the motion to correct an illegal sentence that he filed in March 2017. *See, e.g.*, *Carr v. State*, 495 So.2d 282, 282 (Fla. 2d DCA 1986) (stating that in Florida the "[a]vailability of a transcript is . . . not necessary for the preparation of a legally sufficient motion for post-conviction relief"); *Dorch v. State*, 483 So.2d 851, 852

---

[1] In his reply, White contends that Respondent failed to demonstrate "how once [the photopack and fingerprint were] obtained, his AEDPA[ ] time did not start over." (Doc. 13, p. 3.) *See* 28 U.S.C. 2244(d)(1)(D) (allowing for a delayed start to the AEDPA limitation period on the date "on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). White does not expressly assert entitlement to a delayed start to the AEDPA limitation period under § 2244(d)(1)(D), and to be clear, he is not entitled to one. He fails to show that he photopack and fingerprint, which he states were introduced at trial, could not have been discovered earlier with due diligence.

(Fla. 1st DCA 1986) (stating that in preparing a postconviction motion, a prisoner "must simply do the best he can from his recollection of the trial").

White has not demonstrated exceptional circumstances or the use of reasonable diligence warranting equitable tolling for the period of February 16 to April 8, 2017. Even assuming that he could, his § 2254 petition would still be untimely. White had postconviction matters pending in state court from March 20, 2017 (the date he filed his first Rule 3.800(a) motion to correct an illegal sentence) until December 18, 2019 (the date of the mandate concluding his last postconviction filing). (Doc. 6-6, Ex. 43.) The untolled time that passed between December 18, 2019, and the filing of White's § 2254 petition on January 2, 2020,[2] was more than the three days that would have been remaining on his AEDPA limitation period.

White asserts that he is entitled to equitable tolling for this period of December 18, 2019, until January 2, 2020. He alleges that although the state appellate court's mandate issued on December 18, 2019, he did not receive it until December 23, 2019. He also contends that after he received the mandate, "unavoidable" circumstances "out of his control" prevented him from filing the petition until January 2, 2020. (Doc. 13, p. 2.) In support, White attaches a letter from the assistant prison warden stating that prisoners

---

[2] White's original § 2254 petition was filed on January 2, 2020. For purposes of this order, the Court assumes that the amended petition, which was filed on January 29, 2020, relates back to the original filing date. *See* Fed. R. Civ. P. 15(c)(1).

8

could not access the law library for numerous days in late December 2019 due to holidays, staff absences, and institutional lockdowns. (Doc. 13-1, p. 5.)

White has not carried his burden to show that his case is truly exceptional and thus deserving of equitable tolling. The passage of five days between the issuance of the state appellate court's mandate and White's receipt of it, a normal time for mailing, is not an extraordinary circumstance. Further, since White left himself only three days on the AEDPA limitation period, the time for mailing could be expected to impact White's ability to timely file the § 2254 petition. *See Tinker*, 255 F.3d at 1335 n.4. Even though law library access was limited in late December 2019, again, a lack of access to a law library or legal materials is not an extraordinary circumstance for purposes of equitable tolling. *See Dodd*, 365 F.3d at 1282-83; *Miller*, 307 F. App'x at 367-68. Thus, White does not show extraordinary circumstances that prevented him from timely filing his § 2254 petition or the exercise of reasonable diligence. White is not entitled to equitable tolling for the period of December 18, 2019, to January 2, 2020.

## C. Actual Innocence

White alternatively claims that he is actually innocent. (Doc. 3, p. 24); *see McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (permitting review of an untimely § 2254 petition if petitioner proves his actual innocence). To prove his actual innocence, White must establish that in the light of new evidence, "no juror, acting reasonably, would have

9

voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The category of cases that will satisfy this standard is "severely confined." *Perkins*, 569 U.S. at 394-95.

In asserting his actual innocence, White discusses numerous evidentiary and discovery materials. He claims that a photopack and fingerprints support his actual innocence because the photopack was not signed and the fingerprint was altered and its inventory record has a four-year gap. (Doc. 13, p. 3.) He also alleges that the victim made a "positive identification" that was omitted in the arrest warrant, police reports, deposition, and trial. (*Id.*) White appears to assert that the dates on supplemental police reports were altered to fit with a timeline to obtain a warrant. (*Id.*) He further states that depositions were not included on the docket until after trial, that an assistant state attorney made inconsistent statements, that a detective's supplemental report omitted pertinent facts, that items were renumbered on a chain of custody sheet, and that item number 11 was once listed as a DNA swab and once listed as a DNA lift. (*Id.*, pp. 3-4.)

It is not clear that any of the materials or information identified by White, which appear to have existed at the time of trial, are "new." Any materials introduced at the trial, including the photopack and fingerprint, are not new. *See Schlup*, 513 U.S. at 324 (stating that "to be credible," a claim of actual innocence must be supported by "new reliable evidence" that was "not presented at trial"). And other matters, even if considered "new"

10

because they were not introduced at trial,[3] do not establish White's actual innocence. To meet the actual innocence exception to the time limitation, White must prove that he is factually innocent of the crimes, as opposed to simply showing that the State's evidence was legally insufficient to support the conviction. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (stating that actual innocence "means factual innocence, not mere legal insufficiency").

White's arguments involve allegations of errors and inconsistencies in certain discovery and evidentiary materials. But he does not demonstrate that these allegations show he did not in fact commit the offenses of kidnapping and robbery. *See Schlup*, 513 U.S. at 324 (identifying "exculpatory scientific evidence, trustworthy eyewitness accounts, [and] critical physical evidence" as categories of new reliable evidence that may support an actual innocence claim). Regarding the category of eyewitness accounts, although White alleges that the victim's "positive identification" was omitted from portions of the record, no details explaining this "positive identification" or how it shows his factual innocence are

---

[3] Circuits are split as to whether "new" evidence includes evidence that was available at the time of trial but was not introduced. In *Fontenot v. Crow*, 4 F. 4th 982 (10th Cir. 2021), the Tenth Circuit explained that some circuits have concluded that evidence is new for purposes of *Schlup* if it is "newly presented," while other circuits have determined that evidence is new only if it is "newly discovered through due diligence." *Id.* at 1031-32. *Fontenot* adopted the "newly presented" approach, holding that "any reliable evidence not presented to the jury at [Petitioner's] trial can be factored into our assessment of his actual innocence gateway claim." *Id.* at 1033.

11

apparent from his pleading. White does not establish his actual innocence so as to allow for review of his untimely § 2254 petition.

## III.   <u>CERTIFICATE OF APPEALABILITY</u>

White is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id*. To obtain a COA, White must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, White cannot satisfy the second prong of the *Slack* test. As White is not entitled to a COA, he is not entitled to appeal in forma pauperis.

The Court therefore **ORDERS** that White's amended Petition for Writ of Habeas Corpus (Doc. 3) is **DISMISSED** as time-barred. The **CLERK** is directed to enter judgment against White and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on January 13, 2023.

Kathryn Kimball Mizelle
United States District Judge